UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY MARIE SOWER,
        Plaintiff,

                Case No. 13-15274
v.                HON. TERRENCE G. BERG

CHASE HOME FINANCE, L.L.C.,
        Defendant.
                                /

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO ADJOURN (DKT. 20)**

Kimberly Marie Sower ("Plaintiff") commenced this action against Chase Home Finance, L.L.C. ("Defendant") in Oakland County Circuit Court[1] on November 26, 2013, on three substantive counts: (1) breach of contract; (2) lack of accounting; (3) and wrongful foreclosure arising from the foreclosure sale of a home located at 2666 East Maple Road, Troy, MI 48083 ("the Property"). As a result, Plaintiff seeks injunctive relief, including a TRO against Defendant. Defendant removed the case to this Court on December 30, 2013. (Dkt. 1).

Presently before the Court is Plaintiff's Motion to Adjourn Trial, Adjourn Final Pretrial Conference, and Reopen and Extend Discovery. (Dkt. 20). Plaintiff asks the Court to reopen discovery so that she can obtain correspondence related to the Property and its foreclosure, and so that she can depose three representatives of Defendant.

For the reasons set forth below, Plaintiff's Motion to Adjourn Trial, Adjourn Final Pretrial Conference, and Reopen and Extend Discovery **IS GRANTED**. As a

---
[1] Oakland County Circuit Court Case Number: 2013-137601-CH.

result, discovery is reopened and Plaintiff will have 45 days from the date of this order to carry out her requested discovery. Because information produced during the period of continued discovery may require Defendant to seek to amend the existing motion to dismiss, Defendant's Motion to Dismiss and/or for Summary Judgment, (Dkt. 15), **IS DENIED WITHOUT PREJUDICE**.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 8, 2006, Plaintiff obtained a mortgage ("Mortgage") on the Property from New Century Mortgage Corporation in the amount of $169,400. (Dkt. 16; Ex. 2 – Mortgage). The Mortgage included a provision that permitted Defendant to "do and pay for whatever is reasonable or appropriate to protect [l]ender's interest in the Property, including…paying any sums secured by a lien which has priority over the [Mortgage]." (*Id.* at 8). The Mortgage was assigned to Defendant on September 11, 2006. (Dkt. 1; Ex. B – Chase Bank Notice of Assignment September 11, 2006). On June 4, 2013, U.S. Bank National Association, as trustee for J.P. Morgan, acquired the Property at a foreclosure sale for $116,746. (Dkt. 16; Ex. 8 – Sheriff's Deed).

On November 26, 2013, Plaintiff filed suit against Defendant in the Oakland County Circuit Court. (Dkt. 1). While the case was in state court, Judge Shalina Kumar issued an order granting Plaintiff's request for a preliminary injunction and staying the redemption period on the Property. (Dkt. 16; Ex. 9 – State Court Order). Defendant subsequently removed the case to this Court on December 30, 2013. (Dkt. 1).

2

On June 6, 2014, Plaintiff and Defendant ("the parties") jointly filed a discovery plan pursuant to Fed. R. Civ. P. 26(f). (Dkt. 11). The Court adopted this plan in a Scheduling Order on June 17, 2014. (Dkt. 12). The Scheduling Order established Friday, December 12, 2014, as the discovery-cutoff date.

The parties met voluntarily with mediator Martin Weisman on December 19, 2014. (Dkt. 14). Since no settlement was reached, the parties resumed mediation in late January and early February 2015. (*Id.*) As part of their attempt to reach a mediated solution, the parties requested and the Court granted a stay of this matter until February 27, 2015, and an extension of the dispositive motion deadline until March 6, 2015. (*Id.*)

At no point did Plaintiff request an extension of the discovery-cutoff date. On December 12, 2014, discovery closed. On March 6, 2015, Defendant filed its Motion to Dismiss and/or for Summary Judgment. (Dkt. 15). On April 1, 2015, Plaintiff filed her Motion to Adjourn Trial, Adjourn Final Pretrial Conference, and Reopen and Extend Discovery. (Dkt. 20). Plaintiff filed her response to Defendant's Motion to Dismiss and/or for Summary Judgment on the same day. (Dkt. 19). Pursuant to Eastern District of Michigan L.R. 7.1(f)(2), the Court determined that it would rule on the motions without oral argument. (Dkt. 23).

The Court held a telephonic status conference with the parties on June 15, 2015, regarding the motion to adjourn. Plaintiff's counsel admitted that he did not take any depositions, send out interrogatories, or request documents during the discovery period. Counsel asserted, as he had previously stated in his motion to

3

adjourn, that the parties agreed to cease discovery due to a mutual desire to mediate, rather than litigate, the issue. Defendant's counsel denied that there had been any such agreement. Counsel for Defendant maintained that the only instance of disagreement occurred when Defendant opposed Plaintiff's request to depose an unidentified individual.

The Court provided Plaintiff with seven days to file an affidavit to accompany the Motion to Adjourn. Plaintiff filed the affidavit on June 22, 2015. (Dkt. 25). Plaintiff's affidavit asks the Court to allow her to depose two identified representatives of Defendant, along with a representative who can "explain how a 'suspended account' is used by Defendant as well as explain Defendant's Escrow History report and the Transactional History report produced by Defendant in this matter." (*Id.* at 2). Plaintiff also requests written and telephonic correspondence between her and Defendant, a copy of Defendant's response to her Complaint to the Controller of the Currency, and a copy of Defendant's procedures concerning the use of a "suspended account." (*Id.*).

## II. ANALYSIS

Plaintiff's motion to adjourn alleges that she does not have sufficient facts to properly contest Defendant's motion to dismiss and/or for summary judgment. Under Federal Rule of Civil Procedure 56(d)[2]:

> If a nonmovant *shows by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

---

[2] Rule 56(d) was formerly Rule 56(f).

4

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

(emphasis added). An affidavit is normally required before the Court will even consider a motion to reopen discovery. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000); *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir.1996); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990); *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989). Plaintiff belatedly complied with the requirement to file an affidavit following the June 15, 2015, telephonic conference with the Court. Though Plaintiff's affidavit does not state that the affidavit is filed pursuant to Rule 56(d), it is nonetheless clear that Plaintiff seeks relief under this rule.

Pursuant to Rule 56(d), a party seeking to extend discovery must explain in the affidavit "its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic,* 226 F.3d at 488. Statements that are too vague or conclusory are subject to dismissal. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) ("[A]s a general matter we have upheld the denial of Rule 56(f) motions when the court deems as too vague the affidavits submitted in support of the motion."); *see also Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Emmons,* 874 F.2d at 357); *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999) ("Plaintiff's affidavit makes only general and conclusory statements regarding the need for more discovery and does not show

5

how an extension of time would have allowed information related to the truth or falsity of the letter to be discovered.").

On the record before it, the Court would be well within its authority to deny Plaintiff's Motion to Adjourn. Plaintiff's initial motion did not include an affidavit, and her second filing included an affidavit that failed to identify specific facts that she hopes to learn. In addition to these defects, Plaintiff did not provide a satisfactory explanation for her failure to seek discovery. Plaintiff had a total of six months between the beginning and end of the discovery period to conduct discovery and was well aware of her obligations under the rules. Moreover, Plaintiff agreed to the discovery plan establishing December 12, 2014, as the discovery-cutoff date. (Dkt. 11). Further, in its Scheduling Order, the Court stated that it would not permit discovery after the cutoff date. (Dkt. 12). Plaintiff failed to request an extension to discovery while the discovery period was open or to stipulate to an extension. As evidenced by Plaintiff's joint request to extend the mediation period, (Dkt. 14), it is clear that Plaintiff was aware of the procedure by which she could request an extension of the discovery period.

Nonetheless, the Court can infer the nature of the information that Plaintiff seeks to discover from the four corners of her affidavit, such as how her payments were allegedly misapplied. Plaintiff also identifies specific categories of documents as part of her discovery request. Obtaining this information could help Plaintiff

with her breach of contract claim.[3] The elements of a breach of contract claim are: "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co v. Ahrens Const., Inc.* 296 Mich. App. 56, 71 (2012). As to Plaintiff's breach of contract claim, Defendant alleges, "Plaintiff failed to specifically explain, much less prove, how any payment was not allocated pursuant to the terms of the mortgage. Therefore, Plaintiff's conclusory breach of contract claim fails." (Dkt. 15 at 15). Plaintiff responds, "Plaintiff seeks additional time to flush out further the application of Plaintiff's payments and to further see how it is Defendant came up with the balances they assert for mortgage and escrow payments."(Dkt. 19 at 8-9). Plaintiff seeks to conduct depositions and request additional documents in order to try to show that Defendant misapplied her payments, and that such conduct was a breach of the contract.

While Plaintiff should have availed herself of discovery during the allotted time to do so, the Court gives some weight to counsel's explanation that he believed the case would be resolved through mediation, and that aggressively pursuing discovery at that time might have undermined that goal. Due process requires allowing both parties an adequate opportunity to gather evidence in support of their positions. Moreover, the prejudice accruing to Defendant from a short delay is

---

[3] As to Plaintiff's other claims, improper accounting and wrongful foreclosure, the Court cannot discern how additional discovery will buttress those claims due to Plaintiff's failure to explain in her affidavit how additional discovery might be helpful. This is particularly true of the wrongful foreclosure claim, as Plaintiff appears to be seeking discovery concerning events prior to the foreclosure, rather than whether the foreclosure was properly executed.

relatively minor compared to that which Plaintiff will suffer from not being permitted to take any meaningful discovery. As the Supreme Court has held, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Further, the discovery process is designed to ensure that each party has "all relevant information in the possession of any person, unless the information is privileged." Wright & Miller, § 2001 Purposes and Problems of Discovery, 8 Fed. Prac. & Proc. Civ. (3d ed.). In the interest of justice, this case should not proceed further until Plaintiff receives a renewed opportunity to conduct the discovery she requires to properly oppose Defendant's motion to dismiss.

Furthermore, the Court notes that questions related to the scope of discovery are "within the sound discretion of the trial court." *Emmons*, 874 F.2d at 356; See, also, *Bowling v. Wal-Mart Stores, Inc.*, 233 F. App'x 460, 464 (6th Cir. 2007); *Harris v. Wal-Mart Stores, Inc.*, 48 F. Supp. 3d 1025, 1030-31 (W.D. Tenn. 2014).

Thus, despite the fact that Plaintiff's disadvantageous position is of her own making, the Court finds that the interest of justice requires that Plaintiff's Motion to Adjourn Trial, Adjourn Final Pretrial Conference, and Reopen and Extend Discovery should be **GRANTED**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Adjourn Trial, Adjourn Final Pretrial Conference, and Reopen and Extend Discovery **IS GRANTED**. The Court will allow Plaintiff 45 days from the date of this order to conduct the

requested discovery. No further extensions to the discovery deadline will be granted. Because information produced during the continued discovery period might require amending Defendant's pending motion to dismiss, and in order to preserve Defendant's opportunity to do so, Defendant's Motion to Dismiss/and or for Summary Judgment, (Dkt. 15), **IS DENIED WITHOUT PREJUDICE**. The parties will have 30 days following the close of discovery to file any appropriate dispositive motions.

**SO ORDERED.**

Dated:  July 14, 2015                             s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on July 14, 2015, using the CM/ECF system, which will send notification to all parties.

                                                  s/A. Chubb
                                                  Case Manager