# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KIM MARIE SOWER,

        Plaintiff,

              v.

CHASE HOME FINANCE, L.L.C.,

        Defendant.

                                       /

Case No. 13-15274
HON. TERRENCE G. BERG

## ORDER DENYING DEFENDANT'S MOTION TO DISSOLVE PRELIMINARY INJUNCTION (DKT. 44)

### I.   INTRODUCTION

Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, seeks dissolution of the preliminary injunction that stayed the redemption period of the sheriff's sale of Plaintiff's home, issued by the Oakland County Circuit Court before Defendant removed the case to this Court. For the reasons below, Defendant's motion is **DENIED**.

### II.   FACTUAL AND PROCEDURAL HISTORY

As stated more thoroughly in the Court's concurrent Order Granting In Part and Denying In Part Defendant's Motion to Dismiss and for Summary Judgment (Dkt. 48, Order), this is a mortgage foreclosure case stemming from confusion created by the intersection of a bankruptcy, tax payments, and mortgage rights and obligations. In short, the following occurred: Plaintiff Kim Marie Sower and her then husband gave a mortgage to New Century Corporation for the property commonly known as 2666 E. Maple Road, Troy, Michigan, but only Plaintiff signed

the note. (Dkt. 44, Ex. 1, Note; Dkt. 44, Ex. 2, Mortgage). At the direction of attorneys assisting her husband in bankruptcy proceedings, both Plaintiff and her husband failed to pay property taxes. (Dkt. 32, p. 4). Defendant paid those taxes, modified the mortgage to add the tax amount to the end of the loan, and set up an escrow for future tax payments. (*Id.*). Plaintiff and Defendant disagreed on the proper amount of escrow payments and on whether certain months' mortgage payments had been applied properly. (Dkt. 38, p. 8). Defendant told Plaintiff that she was in default on the mortgage, (Dkt. 32, pp. 10-11), while Plaintiff believed she was current. (Dkt. 38, Ex. A, Kimberly Sower Aff., p. 4). Defendant stopped accepting Plaintiff's payments and thereafter Plaintiff stopped making payments. (*Id.* at 5). Defendant foreclosed on the property and sold the property at a sheriff's sale. (Dkt. 44, Ex. 5, Sheriff's Deed). Upon learning of the sale, Plaintiff filed this lawsuit in Oakland County Circuit Court alleging, among other things, wrongful foreclosure. (Dkt. 1, Ex. 2; Sub Ex. A, Complaint).

What is important for the purposes of Defendant's motion to dissolve is what happened after Plaintiff sued. In conjunction with filing the complaint, Plaintiff sought a preliminary injunction staying the redemption period, which the state court granted. (Dkt. 44, Ex. 6, Ex Parte Motion; Dkt. 44, Ex. 7; Order Granting Motion for Preliminary Injunction). Defendant now asks this Court to dissolve that injunction.

## III. ANALYSIS

Defendant raises two arguments in support of its request for dissolution of the preliminary injunction: (1) that the original injunction was procedurally and substantively improper, and (2) that the four-factor balancing test for preliminary injunctions weighs in favor of dissolution. (Dkt. 44, pp. 10-11).

Plaintiff offers no detailed response to Defendant's motion to dissolve the stay other than to state:

> Defendant's motion is merely a recycled argument from its Motion to Dismiss and/or Summary Judgment. Accordingly, Plaintiff relies on her response in opposition to the motion to dismiss (Dkt. No. 38) in opposition to Defendant's current motion.

(Dkt. 46, p. 1). Despite stemming from a subset of the facts giving rise to Defendant's motion to dismiss, Defendant's motion to dissolve is a different motion with different legal standards and different relevant evidence. The Court will analyze both of Defendant's arguments with respect to its motion to dissolve, and will do so in turn.

### A. Standard of Review

This case is unusual because the preliminary injunction was issued by the state court, prior to removal. Nonetheless, "a district court can dissolve or modify state court injunctions issued prior to removal." *Clio Convalescent Ctr. v. Michigan Dep't of Consumer and Indus. Services*, 66 F. Supp. 2d 875, 877 (E.D. Mich. 1999) (citing *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230 (9th Cir. 1994) and 28 U.S.C. § 1450). Once a defendant removes a case to federal court, any preliminary injunction issued by the state court remains in effect but is governed by federal law.

3

*See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 437 (1974) ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."); *see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").

When determining whether to modify or dissolve an injunction, a district court exercises the "same discretion it exercised in granting the injunctive relief." *Armada Oil & Gas Co. v. EPPCO, Inc.*, 2006 U.S. Dist. LEXIS 59467, at *7 (E.D. Mich. 2006) (citing *Toledo Area AFL-CIO Council v. Pizza*, 907 F. Supp. 263, 265 (N. D. Ohio 1995). And when deciding whether to grant a preliminary injunction, a district court considers the following factors:

- The likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim;

- Whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief;

- The probability that granting the injunction will cause substantial harm to others; and

- Whether the public interest is advanced by the issuance of the injunction.

*Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994).

These four considerations do not compose a list of prerequisites to preliminary relief, but instead are factors the Court must balance against one another. *Id.*

Indeed, in its analysis the Court must make specific findings concerning each of the four factors, unless fewer factors are dispositive. *Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 380 (6th Cir. 2006); *see also In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).

### B. Discussion

#### 1. *Procedural and Substantive Flaws*

Defendant argues that the injunction was procedurally deficient because the state court did not make findings of fact and conclusions of law when granting the order and because Defendant did not have an opportunity to have an evidentiary hearing. (Dkt. 44, p. 11). For support, Defendant cites Federal Rules of Procedure 52(a)(1)-(2) and 65(a). (*Id.*). This argument would have merit had Plaintiff filed this case in federal court. Because this case was filed in state court, however, the Federal Rules of Civil Procedure did not set the standards for the state court to follow in entering the preliminary injunction. Indeed, under 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

Defendant also argues that the state court's order was substantively deficient because Plaintiff's basis for requesting the preliminary injunction—that Plaintiff was current on her mortgage—was incorrect, meaning the injunction "was improperly granted in the first place." (Dkt. 44, p. 11). This argument fails to consider that Plaintiff expressly incorporated the contents of her complaint into her

motion for preliminary injunction and also stated within the motion itself that "Defendant [was] . . . commencing a wrongful foreclosure." (Dkt. 44, Ex. 6, pp. 1-2). The basis for the preliminary injunction was not limited to the assertion that Plaintiff was not in default; it was also based on Plaintiff's allegation of improper notice of adjournment under Mich. Comp. Laws § 600.3220. As discussed in this Court's concurrent order on Defendant's motion to dismiss or for summary judgment, there are issues of material fact as to whether Defendant complied with its statutory duties regarding notice of adjournment. (Dkt. 48, Order).

Moreover, even if Plaintiff relied solely on the allegation that she was current on her mortgage, that would not necessarily mean that the injunction was improperly granted. The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The injunction in this case prevents the redemption period from ending, which preserves Plaintiff's interest in the property until she can obtain a decision on the merits of her case.

Defendant's arguments on the procedural and substantive flaws surrounding the state court's order are unpersuasive. Although Defendant fails to demonstrate that the preliminary injunction was without basis when it issued in 2013, it remains for Defendant to argue that the preliminary injunction should nevertheless be dissolved based on federal procedural law as applied to the case as it currently stands. The Court will therefore analyze the preliminary injunction under the familiar four-factor test outlined above.

6

2. *The Four Factor Balancing Test*

    a. *Success on Merits*

Defendant argues that Plaintiff does not have a likelihood of success on the merits because Plaintiff has not alleged fraud or irregularity with respect to the foreclosure sale process itself. (Dkt. 44, p. 12). But the Court concluded that Plaintiff has stated a claim for wrongful foreclosure under Mich. Comp. Laws § 600.3220 and also found that a material issue of fact existed as to the question whether Defendant complied with § 3220 by adjourning week to week and posting notices of adjournment at the place of sale. (Dkt. 48, Order). At this stage, Defendant has not shown that it complied with § 3220.

Given that Defendant was clearly aware of the kind of proof that would have been needed to prove compliance with § 3220 (*see* Dkt. 32, Ex. 13, Foreclosures Notices), but nevertheless was unable to establish its compliance, the balance of the evidence at this stage weighs in favor of Plaintiff on the issue of success on the merits. As the record stands, the absence of proof that adjournment notices were posted week-to-week—either in the form of the notices themselves or an affidavit confirming continual posting of adjournment notices—suggests noncompliance with § 3220. Consequently, the factor of likelihood of success on the merits weighs against dissolving the injunction.

    b. *Irreparable Harm*

"A showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Lucero v. Detroit Pub.*

*Sch.*, 160 F. Supp. 2d 767, 801 (E.D. Mich. 2001) (internal quotations and citations omitted). A party's harm is "irreparable" when it cannot be adequately compensated by money damages. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. E.F. Hutton & Co.,* 403 F. Supp. 336, 343 (E.D. Mich. 1975).

Defendant argues that Plaintiff will not be irreparably harmed because she has had over two years to redeem the property and has not done so. (Dkt. 44, p. 14). Defendant is correct that Plaintiff has had a substantial period of time to redeem the property, but this argument assumes that Plaintiff is legally obligated either to redeem the property or otherwise lose her interest in the property. This would be correct if one assumes that Plaintiff's case has no merit, but not if Plaintiff prevails; "defects or irregularities in a foreclosure proceeding result in a foreclosure sale that is voidable[.]" *See Kim v. JP Morgan Chase Bank, N.A.*, N.W.2d 329 (Mich. 2012). In other words, if Plaintiff succeeds on the merits of her wrongful foreclosure action, the remedy may be a voiding of the foreclosure. The case is still ongoing. To dissolve the injunction at this stage would result in Plaintiff having to redeem the property while still litigating a claim that might result in a judgment stating that she did not need to redeem at all. And if Plaintiff did not redeem, she would lose all interest in the property before she could determine whether the foreclosure was improper. "Dispossession is not appropriate during the period of redemption." *Powers v. Bank of Am., N.A.*, 63 F. Supp. 3d 747, 754 (E.D. Mich. 2014) (citing *Massachusetts Mut. Life Ins. Co. v. Sutton*, 278 Mich. 457, 461 (1936)). The Court therefore finds that Plaintiff would be irreparably harmed if the redemption period is allowed to run.

### c. Balancing of Harm

This factor weighs equally on both sides. On one hand, if the injunction were dissolved Plaintiff would be harmed because she would have only a matter of days to redeem and if unable to do so, could lose her entire interest in the property before the case is resolved. If she is successful on the merits of her wrongful foreclosure claim, however, she might not need to redeem the property. On the other hand, if the injunction remains in effect, Defendant is harmed by being unable to complete the sale of the property and to recover a portion of the money that it lent Plaintiff.

### d. Public Interest

This factor also weighs equally on both sides. It is well within the public interest to prevent those who fail to pay their mortgages from remaining in financed homes, for free, at the lenders' expense. But it is also in the public interest to ensure that litigants are able to obtain a determination on the merits of their claims without losing the rights that a success on the merits would preserve.

## IV. CONCLUSION

With two factors weighing against dissolution and two factors weighing neither in favor nor against dissolution, the balance weighs against dissolving the injunction. The redemption period will be stayed during the pendency of this litigation. Defendant's Motion is **DENIED**.

**SO ORDERED.**

Dated:  August 24, 2016                     s/Terrence G. Berg
                                                                       TERRENCE G. BERG
                                                                       UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on August 24, 2016, using the CM/ECF system, which will send notification to all parties.

                                                                                 s/A. Chubb
                                                                                 Case Manager