## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KIM MARIE SOWER,

           Plaintiff,

                                     Case No. 13-15274

           v.                          Hon. Terrence G. Berg

CHASE HOME FINANCE, L.L.C.,

           Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS FOR RECONSIDERATION (DKTS. 51 AND 52), DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 53), AND DISMISSING THE CASE

Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC, has moved for reconsideration, (Dkts. 51, and 52), of the Court's August 24, 2016 Orders denying in part Defendant's motion to dismiss or in the alternative for summary judgment, (Dkt. 48), and denying Defendant's motion to dissolve the preliminary injunction. (Dkt. 49). Plaintiff had the opportunity to respond, (Dkt. 54), but did not. The Court denied in part Defendant's motion to dismiss or for summary judgment because, on the state of the record at that time, there was a genuine issue of material fact as to whether Defendant's adjournment of the foreclosure sale had complied with Mich. Comp. Laws § 600.3220. This was the only genuine issue of material fact remaining to be determined. In support of its motion for reconsideration, Defendant has submitted adjournment notices demonstrating that it did comply with § 600.3220. (Dkt. 51, Ex. B). Consequently, there is no longer any genuine issue of material fact concerning Defendant's compliance. The evidence submitted by

Defendant establishes that it is entitled to summary judgment. The Court therefore **GRANTS** Defendant's motion to reconsider its previous order.  Summary judgment will be entered in favor of Defendant, and the case dismissed.

In the other previous order Defendant asks the Court to reconsider, the Court denied Defendant's motion to dissolve the preliminary injunction because the balancing of factors weighed in Plaintiff's favor. Defendant had failed to submit proof of its compliance with § 600.3220 (demonstrating a likelihood of success for Plaintiff) and the case was still ongoing (demonstrating irreparable harm). Defendant's submission of the adjournment notices alters the balance of these factors in favor of Defendant and against Plaintiff. Plaintiff can no longer show likelihood of success on the merits of whether the notice provisions were followed; they were. Nor will there be any irreparable harm because the record shows that the foreclosure was with notice.  For these reasons, there is no longer evidentiary support for maintaining the injunction. The Court therefore **GRANTS** Defendant's motion, reconsiders its previous order, and lifts the injunction.

## CONCLUSION

For the reasons stated above, Defendant's motions for reconsideration are **GRANTED**, Defendant's motions for summary judgment and to dissolve the injunction are **GRANTED**, and the case is **DISMISSED**. Defendant's motion for judgment on the pleadings is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: October 31, 2016                    s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 31, 2016, using the CM/ECF system, which will send notification to all parties.

                                           s/A. Chubb
                                           Case Manager

3